Therese **WYCKLENDT**, Plaintiff,

v.

Caspar W. **WEINBERGER**, Secretary of Health, Education and Welfare, Defendant.

No. 73–C–173.

United States District Court, E. D. Wisconsin.

Aug. 12, 1974.

Michael B. Rick, Hales Corners, Wis., for plaintiff.

William J. Mulligan U. S. Atty., by Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

This is a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, on behalf of the defendant Caspar W. Weinberger. The plaintiff has not filed a formal motion for summary judgment, but it is clear from her brief in opposition to the defendant's motion that she seeks such re-lief. Accordingly, it will be deemed that the plaintiff has filed a cross-motion for summary judgment. I conclude that the defendant's motion for summary judgment should be granted and that the plaintiff's cross-motion should be denied.

The plaintiff seeks old age benefits under § 202(a) of the Social Security Act, 42 U.S.C. § 402(a) (1970), for the period between October 1970 and April 1972. Her claim for these benefits was denied by an administrative law judge on July 26, 1971, and stands as the decision of the secretary. The secretary's denial of benefits is before the court for judicial review and must be affirmed if supported by substantial evidence. 42 U.S.C. § 405(g) (1970).

The record shows the following facts which are deemed to be undisputed for purposes of these motions. Prior to the second quarter of 1970, the applicant, Therese Wycklendt, had completed sixteen of nineteen quarters of coverage required to qualify for old age insurance. During the three quarters of 1970 extending from June to October of 1970, the applicant was employed by her son and daughter-in-law as a babysitter for their four minor children. The applicant cared for the children in her own home while the parents worked on rejuvenating their newly purchased home. The applicant was paid at the rate of five dollars per day; she earned 50 dollars in the second quarter of 1970, 50 dollars in the third quarter of 1970 and 65 dollars in the fourth quarter of 1970.

In order to qualify for benefits for the period between October 1970 and April 1972, the plaintiff-applicant was required to be a "fully insured individual." 42 U.S.C. § 402(a)(1) (1970). Thus, the issue presented for resolution on these motions is whether substantial evidence supports the secretary's finding that the plaintiff's three quarters of babysitting for her grandchildren did not qualify as "quarters of coverage" under 42 U.S.C. § 414(a) (1970). I conclude that substantial evidence supports the secretary's decision.

A "quarter of coverage" is one in which an individual has been paid fifty

dollars or more in "wages" or for which he has been credited with 100 dollars or more of "self-employment income." 42 U.S.C. § 413(a)(2) (1970). The record clearly supports the secretary's finding that plaintiff's work could not qualify as "self-employment income." The plaintiff's right to benefits, therefore, rests on the proposition that her earnings in 1970 constituted "wages" under 42 U.S.C. § 413(a)(2) (1970).

"Wages" is defined by 42 U.S.C. § 409 (1970) as remuneration from "employment." "Employment" in turn is defined by 42 U.S.C. § 410(a) (1970) as service performed by an "employee." The act provides that in determining "employee" status, the usual common law rules regarding the employer-employee relationship apply. 42 U.S.C. § 410(j)(2) (1970).

■ The plaintiff's first contention is that the administrative law judge erred in finding that there was no employer-employee relationship. This contention need not be reached; even if the plaintiff was the "employee" of her son and daughter-in-law, she must demonstrate that her babysitting earnings did not arise from excluded employment. No credit for wages earned can give rise to a "quarter of coverage" if those wages result from "[s]ervice not in the course of the employer's trade or business . . . performed by an individual in the employ of his son or daughter . . . ." 42 U.S.C. § 410(a)(3)(B) (1970).

Although the administrative law judge did not rule on the applicability of § 410 (a)(3)(B), the facts of record can support no other conclusion than that the plaintiff's babysitting earnings must be disregarded under § 410(a)(3)(B) for purposes of establishing a "quarter of coverage." The only dispute over the applicability of § 410(a)(3)(B) is whether child care duties constitute a parent's "trade or business."

■ It is the plaintiff's position that a parent's child care duties, though not ordinarily compensable, are within the ambit of the term "trade or business" as used in § 410(a)(3)(B). In my opinion, however, Congress intended that term to include only those activities traditionally cognizable as compensable employment.

I have appended to this decision a copy of the ruling of the district court in Loveless v. Weinberger, Unempl.Ins.Rep. [Fed.] ¶ 17, 325, at 2416 (S.D.Ohio 1973). I agree with its reasoning regarding the interpretation of "trade or business" as applied to a parent's child care duties:

"It is true that child rearing has an economic value that can be computed; and that persons do perform the service of child care for economic gain. Nonetheless, at the present time, the economic value of a mother's services in caring for her children are not generally recognized as compensible [*sic*] or as a trade or business.

". . . Congress has chosen to exclude from coverage under the Social Security Act [in 42 U.S.C. § 410(a) (3)(B) (1970)] certain employment by reason of family relationship. . . . [A] parent may work for his child in the course of the child's trade or business, but . . . may not perform domestic services, whether inside or outside the home, for his children." Loveless v. Weinberger, *supra* at 2417.

I conclude that the plaintiff's wages for babysitting services cannot be counted toward establishing a "quarter of coverage"; the record adequately establishes the applicability of § 410(a)(3) (B) to the plaintiff's earnings. The secretary's determination that the plaintiff was not a "fully insured individual" as required by 42 U.S.C. § 402(a) (1970) is supported by substantial evidence.

Therefore, it is ordered that the defendant's motion for summary judgment be and hereby is granted.

It is also ordered that the plaintiff's cross-motion for summary judgment be and hereby is denied.

It is further ordered that the decision of the defendant denying old age insurance benefits to Therese Wycklendt for the period between October 1970 and April 1972 be and hereby is affirmed.

[¶ 17,325]   Orpha Loveless v. Weinberger, U. S. District Court, S. Dist. of Ohio E. Div. Civ. No. 72–381, 7/11/73.

Family employment exclusion—Work for daughter as babysitter.— Babysitting services performed by the claimant for her daughter from September to October, 1970, during which time the daughter and her husband were both employed, are excluded from coverage under the Act, and the claimant may not be credited with a quarter of coverage based on such services.   While under the present law a parent's work for his child in the course of the child's trade or business may be covered by social security, domestic services for a child are still excluded from coverage.   Claimant's argument that the babysitting services were in the course of the daughter's "trade or business" because the first and most important "trade or business" of her daughter was to care for her minor children, is rejected, the court holding that at the present time a mother's services in caring for her children are not generally recognized as compensable or as a trade or business.   Back reference: ¶ 10,340.05.

### Memorandum Opinion and Order

RUBIN, District Judge: This is an action under the Social Security Act, 42 U.S.C. § 405(g), for review of a final decision of the Secretary of Health, Education and Welfare that plaintiff is not entitled to social security disability insurance benefits.

This matter is before the Court on defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment.

### [Lack of Insured Status]

Plaintiff filed an application for social security disability insurance benefits on November 10, 1969 alleging that she had become unable to work as of October 28, 1969. The application was denied on the ground that she lacked the necessary "disability insured status" in that she had only 14 of the required 20 quarters of coverage in the 40 quarter period preceding the alleged onset of disability.

¶ 17,325

Plaintiff filed her present application for disability insurance benefits on July 6, 1970 alleging that she became disabled as of June 13, 1970.   The application was denied on the ground that plaintiff had accumulated only 19 of the required 20 quarters of coverage.

A woman who applies for social security disability insurance benefits before she attains the age of 62 is eligible for coverage if she has "not less than twenty quarters of coverage during the forty-quarter period which ends" with the quarter in which the application is filed.   42 U.S.C. § 416(i)(3).

### [Work for Daughter as Babysitter]

It is undisputed that plaintiff has accumulated 19 of these 20 required quarters of coverage. Plaintiff asserts that she earned the twentieth quarter of coverage when she worked as a babysitter for her daughter from September to October, 1970.   During this pe-

© 1973, Commerce Clearing House, Inc.

riod plaintiff's daughter and son-in-law were both employed. Plaintiff babysat in her own home for her daughter's two minor children. For purposes of decision only, the Secretary assumed that plaintiff did not perform any services in her daughter's home.

"Employment" is defined in the Social Security Act to mean

> any service . . . performed . . . by an employee for the person employing him . . . except that . . . such term shall not include—
>
> .    .    .    .    .
>
> (3)(b) service not in the course of the employer's trade or business, or domestic service in the private home of the employer, performed by an individual in the employ of his son or daughter. . . .

The hearing examiner held that the services plaintiff performed for her daughter during the third quarter of 1970 "were services not in the course of the employer's trade or business and, since they were performed for her daughter, are specifically excluded from coverage . . . " under the provisions of 42 U.S.C. § 410(a)(3)(A).

Plaintiff argues that her employment by her daughter is not excluded by the trade or business requirement of 42 U.S.C. § 410(a)(3)(A) because "the first and most important 'trade or business' of plaintiff's daughter . . . was to care for her minor children."

*[Meaning of "Trade or Business"]*

The term "trade or business" is not defined by the Social Security Act or the regulations adopted by the Secretary pursuant to the Act. There are no reported cases construing the exclusion. In such circumstances, the Court must report to common usage to determine the meaning of the phrase "trade or business." "Trade" is defined in the dictionary as:

> The business one practices or the work in which one engaged regularly: one's calling: gainful employment: means of livelihood: OCCUPATION.

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (3d ed. 1967).

A "business" is defined as:

> A usual commercial or mercantile activity customarily engaged in as a means of livelihood and typically involving some independence of judgment and power of decision . . . and sometimes contrasted with the arts . . . or professions . . . or sports . . . or other activity considered less practical, serious, respectable, or mundane: OCCUPATION, POSITION, TRADE, LINE.

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (3d ed. 1967).

Child rearing is not normally considered to be a mother's employment or means of livelihood. Neither is it considered a commercial or mercantile activity. It is true that child rearing has an economic value that can be computed; and that persons do perform the service of child care for economic gain. Nonetheless, at the present time, the economic value of a mother's services in caring for her children are not generally recognized as compensible or as a trade or business.

In today' society, a mother often has employment outside the home. When such employment requires that provisions be made for the

484

care of minor children, the mother naturally seeks the most qualified care available. Needless to say, her own mother is often the ideal babysitter because she is able to render not only competent child care services but to add the love, affection and concern for the child's welfare which is engendered by the familial relationship. But Congress has chosen to exclude from coverage under the Social Security Act certain employment by reason of family relationship. Prior to 1960 this exclusion was absolute when a parent was employed by one of his children. Today a parent may work for his child in the course of the child's trade or business, but still may not perform domestic services, whether inside or outside the home, for his children.

*[Denial of Benefits Upheld]*

Upon consideration, and for the reasons set out above, the Court HOLDS that defendant's motion is meritorious, and therefore it is GRANTED.

The decision of the Secretary of Health, Education and Welfare is *AFFIRMED*.

This action is hereby *DISMISSED*.